# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE WESTERN STATES INCOME SECUTIRY FUND and GRAPHIC COMMUNICATIONS ITNERNATIONAL UNION EMPLOYER RETIREMENT FUND,<br><br>Plaintiff,<br><br>v.<br><br>JOHN BLANCHFIELD, individually, and CA-JON, INC., doing business as Peerless Printers,<br><br>Defendants.<br>_____ / | Case No. 1:12-cv-01886-LJO-SKO<br><br>**ORDER FOR APPEARANCE AND EXAMINATION OF JUDGMENT DEBTOR JOHN BLANCHFIELD**<br><br>(Doc. 43) |

## I.  INTRODUCTION

On April 5, 2013, Plaintiffs Graphic Communications International Union Employer Retirement Fund and Trustees of the Western States Income Security Fund ("Plaintiffs") and Defendants John David Blanchfield and CA-JON, Inc. ("Defendants") filed a Stipulation and Proposed Order for Entry of Judgment. (Doc. 27.)  The Court approved the parties' stipulation on that same day, and judgment was entered against Defendants jointly and severally in the total sum of $10,493.72.  (Doc. 28.)

On June 11, 2013, Plaintiffs requested issuance of abstracts of judgment against Defendants (Docs. 35, 36), which were issued that same day for a combined amount of $11,003.74 (Docs. 37, 38).  On September 4, 2014, Plaintiffs requested the issuance of a writ of execution.

1 (Doc. 41.) On October 14, 2014, the Court issued the writ of execution. (Doc. 42.)

2 On December 4, 2014, Plaintiffs filed an application and request for an order for the appearance and examination of judgment debtor John David Blanchfield. (Docs. 43-44.)  For the reasons set forth below, John David Blanchfield is ordered to appear personally on Wednesday, January 21, 2015, at 9:30 a.m. in Courtroom 7 of the United States District Courthouse, located at 2500 Tulare Street, Fresno, California, 93721, to furnish information to aid in enforcement of a money judgment by answering questions about the Defendant/judgment debtor's real and person property.[1]

## II.   DISCUSSION

Federal Rule of Civil Procedure 69 governs enforcement of judgment proceedings in federal courts.  *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996).  Rule 69(a) provides:

> (1)   Money Judgment; Applicable Procedure.  A money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
>
> (2)   Obtaining Discovery. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69(a)(1)-(2).

Judgment debtor proceedings under California law "permit the judgment creditor to examine the judgment debtor, or third persons who have property of or are indebted to the judgment debtor, in order to discover property and apply it toward the satisfaction of the money judgment." *Imperial Bank v. Pim Elec., Inc.*, 33 Cal. App. 4th 540, 546-47; *see also* Cal. Civ. Proc. Code, §§ 708.110-708.205.  All assets of a judgment debtor are subject to enforcement. Cal. Civ. Proc. Code, § 695.010 (a).

California Code of Civil Procedure § 708.110 provides in relevant part:

> (a)   The judgment creditor may apply to the proper court for an order requiring

---

[1] Plaintiffs had set the debtor examination hearing for Monday, January 19, 2015, at 8:30 a.m.; however, as Magistrate Judge Sheila K. Oberto holds law and motion calendars on Wednesdays, the hearing is being reset to the following Wednesday, January 21, 2015.

the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment.

(b)  If the judgment creditor has not caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make an order upon ex parte application of the judgment creditor.

(c)  If the judgment creditor has caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order if the judgment creditor by affidavit or otherwise shows good cause for the order.  The application shall be made on noticed motion if the court so directs or a court rule so requires.  Otherwise, it may be made ex parte.

(d)  The judgment creditor shall personally serve a copy of the order on the judgment debtor not less than 10 days before the date set for examination. Service shall be made in the manner specified in Section 145.10.  Service of the order creates a lien on the personal property of the judgment debtor for a period of one year from the date of the order unless extended or sooner terminated by the court.

(e)  The order shall contain the following statement in 14-point boldface type if printed or in capital letters if typed:  "NOTICE TO JUDGMENT DEBTOR.  If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court and the court may make an order requiring you to pay the reasonable attorney's fees incurred by the judgment creditor in this proceeding."

Cal Civ. Proc. Code § 708.110(a)-(e).

California Code of Civil Procedure § 708.160(a) also provides that "[e]xcept as otherwise provided in this section, the proper court for examination of a person under this article is the court in which the money judgment is entered."  Cal. Civ. Proc. Code, § 708.160(a).  Here, judgment was entered by this Court on June 11, 2013.  (Docs. 37, 38.)  Plaintiffs' efforts at collection, including a bank levy, have only recovered $7,445.04 of the debt, leaving a remaining balance of $3,558.70 plus $2.88 per day in accrued interest.  (Doc. 43, 2.)  Plaintiffs have not yet examined Defendant John David Blanchfield in this action (Doc. 43, 2), therefore the Court may issue an order for examination *ex parte*.  Cal. Civ. Proc. Code, § 708.110(b).

As such, Plaintiffs' application sets forth the showing required by Federal Rule of Civil Procedure 69(a)(2) and the applicable provisions of the California Code of Civil Procedure §§ 708.110 and 708.160.

///

### III.  CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant/judgment debtor John David Blanchfield **shall appear personally on Wednesday, January 21, 2015, at 9:30 a.m.** in Courtroom 7 of the United States District Courthouse, located at 2500 Tulare Street, Fresno, California, 93721, to furnish information to aid in enforcement of a money judgment by answering questions about the Defendant/judgment debtor's real and person property;

2. Plaintiffs/judgment creditors must serve this order upon Defendant/judgment debtor John David Blanchfield personally not less than ten (10) days before the date set for the examination and must file a certificate of such service with the Court; and

3. If Plaintiffs/judgment creditors are unable to effectuate personal service on Defendant/judgment debtor John David Blanchfield within the required time, Plaintiffs/judgment creditors must file notice with the Court by no later than nine (9) days before the date set for the examination and inform the Court that the examination hearing must be taken off calendar.

NOTICE TO JUDGMENT DEBTOR.  IF YOU FAIL TO APPEAR AT THE TIME AND PLACE SPECIFIED IN THIS ORDER, YOU MAY BE SUBJECT TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT AND THE COURT MAY MAKE AN ORDER REQUIRING YOU TO PAY THE REASONABLE ATTORNEY'S FEES INCURRED BY THE JUDGMENT CREDITOR IN THIS PROCEEDING.[2]

IT IS SO ORDERED.

Dated:  **December 18, 2014**          /s/ Sheila K. Oberto
                                                                           UNITED STATES MAGISTRATE JUDGE

---

[2]  This notice is furnished pursuant to California Code of Civil Procedure § 708.110(e).

4